PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ABOUBAKER DIAKITE, BAKARY DIAWARA,
BONCANA KANE, DEMBO DRAMMEH,

                Plaintiffs,

             -against-

THE CITY OF NEW YORK, P.O. ANTHONY
FARANDA, HYE YEON CHANG, SGT. "JOHN"
Shield 5418, JOHN SHAPIRO, JAMES
HABERMEHL, CHRISTOPHER LINO,
JOHN and JANE DOES 1-10, et al.,

                Defendants.
-----------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Demand
15 CV 10148 (SAS)

      Plaintiffs ABOUBAKER DIAKITE, BAKARY DIAWARA, BONCANA KANE, DEMBO DRAMMEH (hereinafter "Plaintiffs") by and through their attorneys, Robert Blossner, Esq. and Vik Pawar, Esq., respectfully allege as follows:

### PRELIMINARY STATEMENT

      1.    Plaintiffs bring this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983 and 1988 for violations of their civil rights, as secured by statutes and the Constitution of the United States. Plaintiffs also bring this action to address the pattern of misconduct by the NYPD.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §1981, 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States and New York Constitutions.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiffs ABOUBAKER DIAKITE, BAKARY DIAWARA, BONCANA KANE, DEMBO DRAMMEH are immigrants from Africa, are all dark skinned and residents of the City and State of New York.

7. Defendant City of New York is a municipal corporation duly organized under the laws of the State of New York.

8. Defendants P.O. ANTHONY FARANDA, HYE YEON CHANG, SGT. "JOHN" Shield 5418, JOHN SHAPIRO, JAMES HABERMEHL, CHRISTOPHER LINO, John and Jane Does 1-10 are/were members of/or work with the NYPD. They are sued in their individual, official and supervisory capacities.

## FACTS RELATING TO PLAINTIFF DIAKITE

9. Plaintiff DIAKITE 38 year old immigrant from the war-torn region of West Africa and is a resident of the County, City and the State of New York.

10. Plaintiff is employed as an itinerant and makes a living assisting vendors on Broadway and Canal Streets in lower Manhattan.

11. Plaintiff is not a vendor and has never worked as a vendor.

12. Despite the foregoing, plaintiff has been subject to harassment, ridicule, threats of deportation, false arrests and malicious prosecution on numerous occasion by the defendants.

13. On August 22, 2014, plaintiff was lawfully standing on Broadway street next to the vendor who employed him, when he was approached by defendants Chang and Faranda who asked to see plaintiff's identification.

14. Plaintiff had committed no crime and the police officer had no reason to question him. Nevertheless, plaintiff produced his identification to the Defendants.

15. Plaintiff informed defendant that he did not speak with customers and did not sell anything. Plaintiff pointed to the vendor who was present at the scene with his vendor's license and said "he is the vendor."

16. Frustrated by the pattern of abuse and unlawful arrests, plaintiff decided to take his case to trial.

17. To this date, defendants fail to show up for trial or otherwise withdraw the false charges.

18. Plaintiff has made at least 16 appearances in Court and the prosecution continues.

## FACTS RELATING TO PLAINTIFF KANE

19. Plaintiff KANE is a 40 year old immigrant from the war-torn region of West Africa and is a resident of the County, City and the State of New York. KANE is a dark skinned African-American male.

20. Plaintiff is employed as an itinerant and makes a living assisting vendors on Canal Street, New York, New York.

21. Plaintiff is not a vendor and has never worked as a vendor.

22. Despite the foregoing, plaintiff has been subject to harassment, ridicule, threats of deportation, false arrests and malicious prosecution on five separate occasions by members of NYPD from the 1st precinct commencing in 2006 and the most recent incident being in 2013.

23. On July 6, 2013, plaintiff was in the vicinity of Canal Street in downtown New York assisting licensed vendors to place their products for sale.

24. At that point and without any provocation, defendants John Does approached plaintiff Kane and threw him up against the wall and started to yank his hands behind his back.

25. Plaintiff and his employer (the vendor) did not know what plaintiff had done but their pleas were ignored by the arresting defendants.

26. Plaintiff was brought to the 1st precinct and held for over nine (9) hours before he was released on the bogus charge of selling merchandise without a vendor's license.

27. After making four (4) to five (5) trips to the Court, the false charges against plaintiff Kane were dismissed on the motion by the DA's office.

28. On July November 22, 2013, plaintiff was in the vicinity of Canal Street in downtown New York assisting licensed vendors to place their products for sale.

29. At that point and without any provocation, defendants John Does approached plaintiff Kane and threw him up against the wall and started to yank his hands behind his back.

30. Plaintiff and his employer (the vendor) did not know what plaintiff had done but their pleas were ignored by the arresting defendants.

31. Plaintiff was brought to the 1st precinct and held for over nine (9) hours before he was released on the bogus charge of selling merchandise without a vendor's license.

32. After making at least seven (7) trips to the Court, the false charges against plaintiff Kane were dismissed on the motion by the DA's office.

33. Plaintiff Kane faced similar pattern of abuse in the years 2011 and 2012.

## FACTS RELATING TO PLAINTIFF DRAMMEH

34. On April 17, 2013, plaintiff had just arrived on Canal street to visit his friends who worked in the area as assistants to licensed vendors.

35. Plaintiff had traveled from the Bronx to visit his uncle and friends and was walking on Canal Street around 5 p.m., when he saw defendants Shapiro and Habermehl walk past him.

36. Prior to meeting up with his friends and uncle, who were nearby, plaintiff decided to get a bottle of water.

37. However, before plaintiff had an opportunity to get water or even see his friends and uncle, he was surrounded by defendants Shapiro and Habermehl and 5-6 John Doe defendants who all drew their weapons at point blank range at plaintiff and shouted "don't fucking move or we'll blow your brains out."

38. Plaintiff froze and simply put his hands up in the air.

39. Shortly thereafter, Shapiro and Habermehl yanked plaintiff's hands behind his back and tightly placed handcuffs on him.

40. When plaintiff requested what he had done wrong, he was told to "shut the fuck up."

41. Plaintiff's friends and uncle watched in bewilderment at this entire scenario because they knew plaintiff had committed no offence.

42. Defendants Shaipro and Habermehl then grabbed plaintiff by the handcuffs and dragged him toward a police car.

43. First Shapiro and Habermehl shoved plaintiff into the car and then few minutes later, dragged him out of the car by pulling his handcuffs over plaintiff's shoulders causing him extreme pain.

44. After being outside the police car for a few minutes, plaintiff was shoved back inside the car and sat there for more than two (2) hours.

45. Plaintiff was then driven to the 1st precinct where he inquired the reason for his seizure.

46. At that point all the police officers at the precinct were laughing at plaintiff.

47. Plaintiff then requested to speak with a supervisor and at that point defendant Christopher Lino pointed at tazer at plaintiff's groin area and told him to "shut the fuck up."

48. Plaintiff was already terrified from being ambushed by the other defendants and now he saw a red light from the tazer pointing at his groin area.

49. Defendant Lino who was pointing the tazer at plaintiff kept shouting that if plaintiff "did not shut the fuck up" he was "going to taze [plaintiff's genitalias."

50. Plaintiff was then placed in a jail cell for 4-5 hours.

51. Finally, a supervisor in plain clothes approached plaintiff and told him that he was sorry for what had transpired.

52. The remaining John Doe officers told plaintiff that they have to give him a ticket for "something" to justify the arrest and seizure.

53.     They gave him a ticket for disorderly conduct assuring him that they had no intentions of following through with the complaint.

54.     Plaintiff went to court 6-7 times before the case was dismissed because the defendants refused to show up or withdraw the charges against plaintiff.

## FACTS RELATING TO PLAINTIFF DIAWARA

55.     On March 4, 2014, plaintiff Diawara was working as a vendor assistant in the vicinity of Canal street.

56.     Plaintiff was assisting his employer a licensed vendor to place items for sale on the vendors table/booth.

57.     Without any cause or justification, defendant Faranda grabbed plaintiff by his neck, yanked him off the sidewalk, threw him to the ground and violently arrested him for selling goods without a "vendor's license."

58.     Plaintiff's employer protested and informed Faranda that plaintiff was not selling anything but simply assisting him and Faranda refused to investigate any further and dragged plaintiff to the 1st precinct.

59.     After being held in the precinct for several hours, plaintiff was given a Desk Appearance Ticket.

60.     Plaintiff went to court on three (3) separate occasions and even though he was given sweet plea offers, he refused to plead guilty.

61.     On June 10, 2014 after making at least 4 court appearances that he was mandated to make, all charges against plaintiff were dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrests/Unlawful seizure-Fourth Amendment)

62. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63. There was no probable cause for the seizure, arrest or the continued incarceration of Plaintiffs, and as such the Defendants' acts resulted in violations of plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

64. As a result of the aforementioned conduct of Defendants, Plaintiffs' constitutional right to be free from unreasonable seizure were violated and they sustained physical, economic and emotional injuries.

### AS AND FOR A SECOND CAUSE OF ACTION
(Fourteenth Amendment-Due Process and Malicious Prosecution)

65. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66. The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

67. Defendants initiated baseless prosecution against plaintiffs, failed to show up for court dates, failed to withdraw the false charges, refused to inform the DA about the falsity of the charges and continued the prosecution with malice and forced plaintiffs to endure countless court appearances until the false charges were all dismissed in plaintiffs' favor. Plaintiffs were given enticing plea offers but yet they did not take the

plea because they were innocent and were finally vindicated when the charges against the were dismissed.

68. As a result of the foregoing, Plaintiffs were deprived of their liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

69. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

70. Defendants, collectively and individually, while acting under color of state law, engaged in foregoing conduct so as to amount to a custom and practice, which practices and customs are unconstitutional.

71. The aforementioned allegations in the complaint are not isolated but a pattern by the officers in the vicinity of the 1st precinct to arrest individuals like plaintiffs and falsely accuse them of being vendors and these allegations are widespread.

72. Upon information and belief these arrests are generated because of the pressure from the NYPD brass to do something about the quality of life crimes, appease the nearby store owners who were losing profits, and in turn it simply results in arrests of innocent individuals like the plaintiffs.

73. The practice outlined in the complaint are endemic and it represents practice and custom by the NYPD to generate arrests, justify overtime and appease the nearby store owners who were losing profits and their commanders that they are being productive.

74. The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs because the Defendant City was aware of these widespread conduct by its NYPD officers, but yet failed to rectify or correct the acts. In addition, they failed to discipline or train the individual officers or supervise them adequately. Simply put, defendant City failed to address these repeated violations despite being aware of their existence and as such were deliberately indifferent to individuals like plaintiffs.

75. The foregoing action or inactions was a direct causal connection to the constitutional violations addressed in this complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

75. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

76. Defendants targeted Plaintiffs and discriminated against them by falsely accusing them of crimes because of their race and color.

77. This intentional discrimination deprived plaintiffs the equal protection and benefits under the law and they suffered injuries.

78. In addition, these acts by the individual defendants prevented plaintiffs from earning a livelihood and earn money and enter into contracts through their employers because of the unnecessary attention brought onto to their employer/vendors. and caused them deprivation of constitutional rights described in this complaint.

77. As a result of these actions, Plaintiffs suffered injuries.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of First Amendment Rights)

78. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

79. Plaintiffs have a constitutional right under the First Amendment to travel and be free from unwarranted government intrusion.

80. However, defendants violated plaintiffs' first amendment rights by arresting them for simply being black and simply because they were nearby the vendors who were selling items.

81. Plaintiffs' right to be free and exercise his rights under the First Amendment were violated and they suffered injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability)

82. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

83. Plaintiffs' injuries herein were caused by the deliberate indifference of the defendant supervisors, who ratified wrongful arrests, without any oversight and rubber-stamped any arrests that came through.

84. In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests without questioning the facts underlying same.

85. The deliberate indifference by the supervisor encouraged defendant subordinate police officers to continue to engage in unlawful conduct at the expense of the civil rights of innocent individuals.

86. As a result plaintiffs were injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Denial of Right to a Fair Trial)

87. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

88. Defendants fabricated evidence and prepared false documents to charge plaintiffs with false charges.

89. None of these charges were substantiated and were simply trumped up to justify the false arrests of plaintiffs.

90. As a result of these false charges, plaintiffs had to engage in the services of an attorney, take time off from work and family and appear in courts countless times until the charges were dismissed and they were vindicated.

91. As a result of defendants' actions, plaintiff suffered injuries.

WHEREFORE, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount of One Hundred Thousand Dollars for each and every cause of action for each Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       March 8, 2016

>                    PAWAR LAW GROUP P.C.
>                    20 Vesey Street, Suite 1210
>                    New York, New York 10007
>                    (212) 571-0805
>
>                    By: _____
>                       Vik Pawar (VP9101)
>                       Robert Blossner (RB0526)
>                       *Attorneys for Plaintiff*