UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ABOUBAKER DIAKITE, BAKARY DIAWARA,
BONCANA KANE,

<table>
<tr><td style="text-align:center">Plaintiffs,</td><td><b>SECOND<br>AMENDED<br>COMPLAINT</b></td></tr>
<tr><td style="text-align:center">-against-</td><td>Jury Demand<br>15 CV 10148 (RJS) (BCM)</td></tr>
</table>

THE CITY OF NEW YORK, P.O. ANTHONY
FARANDA, HYE YEON CHANG, P.O. MOHAMMAD
ARYAKIA, P.O. THOMAS PELKA, SGT. "JOHN"
Shield 5418, LAURA GOURDINE, JOHN and JANE
DOES 1-5, et al.,

                          Defendants.
----------------------------------------------------------------x

Plaintiffs ABOUBAKER DIAKITE, BAKARY DIAWARA,

BONCANA KANE, (hereinafter "Plaintiffs") by and through their attorneys, Robert

Blossner, Esq. and Vik Pawar, Esq., respectfully allege as follows:

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action for injunctive relief, compensatory damages,

punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 1988 for

violations of their civil rights, as secured by statutes and the Constitution of the United

States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §1983 and 1988, and the

First, Fourth, Sixth and Fourteenth Amendments to the United States and New York

Constitutions.

3.     Jurisdiction is found upon 28 U.S.C. §§1331and 1343.

## VENUE

4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiffs ABOUBAKER DIAKITE, BAKARY DIAWARA, and BONCANA KANE, are immigrants from Africa, are all dark skinned and residents of the City and State of New York.

7.     Defendant City of New York is a municipal corporation duly organized under the laws of the State of New York.

8.     Defendants P.O. ANTHONY FARANDA, HYE YEON CHANG, SGT. "JOHN" Shield 5418, LAURA GOURDINE, P.O. MOHAMMAD, ARYAKIA, P.O. THOMAS PELKA, SGT. "JOHN" Shield 5418, are/were members of/or work with the NYPD. They are sued in their individual, official and supervisory capacities. Defendants John and Jane Does 1-5 are supervisory officers at the NYPD who are in charge of providing training to the individual defendants on what constitutes a crime and or violation before an arrest can be made or a summons can be issued.

## FACTS RELATING TO PLAINTIFF DIAKITE

9.      Plaintiff DIAKITE 39 year old immigrant from the war-torn region of West Africa and is a resident of the County, City and the State of New York.

10.     Plaintiff is employed as an itinerant and makes a living assisting vendors on Broadway and Canal Streets in lower Manhattan.

11.     Plaintiff is not a vendor and has never worked as a vendor.

12.     Despite the foregoing, plaintiff has been subject to harassment, ridicule, threats of deportation, false arrests and malicious prosecution on numerous occasion by the defendants.

13.     On August 22, 2014, plaintiff was lawfully standing on Broadway street next to the vendor who employed him, when he was approached by defendants Chang and Faranda who asked to see plaintiff's identification.

14.     Plaintiff had committed no crime and the police officer had no reason to question him.  Nevertheless, plaintiff produced his identification to the Defendants.

15.     Plaintiff informed defendant that he did not speak with customers and did not sell anything. Plaintiff pointed to the vendor who was present at the scene with his vendor's license and said "he is the vendor."  Plaintiff was charged with violating AC 20:453 and AC 20:46, even though he had committed no crime, offense or any violations.

16.     Frustrated by the pattern of abuse and unlawful arrests, plaintiff decided to take his case to trial.

17.     Plaintiff made at least 18 appearances in Court before the judge threw out the charges against him.

## FACTS RELATING TO PLAINTIFF KANE

18.     Plaintiff KANE is a 41 year old immigrant from the war-torn region of West Africa and is a resident of the County, City and the State of New York.  KANE is a dark skinned African-American male.

19.     Plaintiff is employed as an itinerant and makes a living assisting vendors on Canal Street, New York, New York.

20.     Plaintiff is not a vendor and has never worked as a vendor.

21.     Despite the foregoing, plaintiff has been subject to harassment, ridicule, threats of deportation, false arrests and malicious prosecution on five separate occasions by members of NYPD commencing in 2006 and the most recent incident being in 2013.

22.     On July 6, 2013, plaintiff was in the vicinity of Canal Street in downtown New York assisting licensed vendors to place their products for sale.

23.     At that point and without any provocation, defendant Mohammed Aryakia approached plaintiff Kane and threw him up against the wall and started to yank his hands behind his back.

24.     Plaintiff and his employer (the vendor) did not know what plaintiff had done but their pleas were ignored by the arresting defendants.

25.     Plaintiff was brought to the precinct and held for over nine (9) hours before he was released on the bogus charge of selling merchandise without a vendor's

license.  Plaintiff was charged with violating AC 20:453 and AC 20:46, even though he had committed no crime, offense or any violations.

26.     After making four (4) to five (5) trips to the Court, the false charges against plaintiff Kane were dismissed on the motion by the DA's office.

27.     On November 22, 2013, plaintiff was in the vicinity of Canal Street in downtown New York assisting licensed vendors to place their products for sale.

28.     At that point and without any provocation, defendant Thomas Pelka approached plaintiff Kane and threw him up against the wall and started to yank his hands behind his back.

29.     Plaintiff and his employer (the vendor) did not know what plaintiff had done but their pleas were ignored by the arresting defendants.

30.     Plaintiff was brought to the precinct and held for over nine (9) hours before he was released on the bogus charge of selling merchandise without a vendor's license.  Plaintiff was charged with violating AC 20:453 and AC 20:46, even though he had committed no crime, offense or any violations.

31.     After making at least seven (7) trips to the Court, the false charges against plaintiff Kane were dismissed on the motion by the DA's office.

32.     Plaintiff Kane faced similar pattern of abuse in the years 2011 and 2012.

## FACTS RELATING TO PLAINTIFF DIAWARA

33.     On March 4, 2014, plaintiff Diawara was working as a vendor assistant in the vicinity of Canal street.

34.     Plaintiff was assisting his employer a licensed vendor to place items for sale on the vendors table/booth.

35.     Without any cause or justification, defendant Faranda grabbed plaintiff by his neck, yanked him off the sidewalk, threw him to the ground and violently arrested him for selling goods without a "vendor's license."

36.     Plaintiff's employer protested and informed Faranda that plaintiff was not selling anything but simply assisting him and Faranda refused to investigate any further and dragged plaintiff to the precinct.

37.     After being held in the precinct for several hours, plaintiff was given a Desk Appearance Ticket.  Plaintiff was charged with violating AC 20:453 and AC 20:46, even though he had committed no crime, offense or any violations.

38.     Plaintiff went to court on three (3) separate occasions and even though he was given sweet plea offers, he refused to plead guilty.

39.     On June 10, 2014 after making at least 4 court appearances that he was mandated to make, all charges against plaintiff were dismissed.

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrests/Unlawful seizure-Fourth Amendment)

40.     Plaintiffs repeat, reiterate, and realiege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

41.     There was no probable cause for the seizure, arrest or the continued incarceration of Plaintiffs, and as such the Defendants' acts resulted in violations of plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments.

Defendants arrested plaintiffs even though they had not committed a crime or violated any codes.

42.    As a result of the aforementioned conduct of Defendants, Plaintiffs' constitutional right to be free from unreasonable seizure were violated and they sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Fourteenth Amendment-Due Process and Malicious Prosecution)

43.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

44.    The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.   The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

45.    Defendants initiated baseless prosecution against plaintiffs, failed to show up for court dates, failed to withdraw the false charges, refused to inform the DA about the falsity of the charges and continued the prosecution with malice and forced plaintiffs to endure countless court appearances until the false charges were all dismissed in plaintiffs' favor.  Plaintiffs were given enticing plea offers but yet they did not take the plea because they were innocent and were finally vindicated when the charges against the were dismissed.

46.    As a result of the foregoing, Plaintiffs were deprived of their liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal Liability)

47.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48.    Defendants, collectively and individually, while acting under color of state law, engaged in foregoing conduct so as to amount to a custom and practice, which practices and customs are unconstitutional.

49.    The aforementioned allegations in the complaint are not isolated but a pattern by the officers in the vicinity to arrest individuals like plaintiffs and falsely accuse them of being vendors and these allegations are widespread.

50.    Defendants John and Jane Does 1-5 are aware that the individually named defendants routinely encounter situations like the facts described in this complaint. However, they refuse to train the officers on the law of what conduct constitutes a violation of the Administrative Codes and what conduct is entirely innocent. This failure to train or otherwise discipline individual defendants for their wrongful conduct has resulted in majority of the charges against the plaintiffs being dismissed on a motion by the DA's office, or by the Court for facial insufficiency.

51.    In the past five years, at least 8 individuals (including plaintiffs) have been arrested at least 25 times in the vicinity of Canal Street for violating AC 20:453 and AC

20:461 and all have been dismissed by the DA's office, or the Court in favor of these individuals.

52.     The failure of the City through defendants John and Jane Does 1-5 to adequately supervise, train or discipline these individual defendants and defendants in other lawsuits, constitutes deliberate indifference and this deliberate indifference led to the violation of the constitutional rights of the plaintiffs herein.

53.     The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference because the Defendant City was aware of these widespread conduct by its NYPD officers, but yet failed to rectify or correct the acts.  In addition, they failed to discipline or train the individual officers or supervise them adequately.  Simply put, defendant City failed to address these repeated violations despite being aware of their existence and as such were deliberately indifferent to individuals like plaintiffs.

54.     The foregoing action or inactions was a direct causal connection to the constitutional violations addressed in this complaint.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Denial of Right to a Fair Trial)

55.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56.     Defendants fabricated evidence and prepared false documents to charge plaintiffs with false charges and violations.

57.     None of these charges were substantiated and were simply trumped up to justify the false arrests of plaintiffs.

58.     As a result of these false charges, plaintiffs had to engage in the services of an attorney, take time off from work and family and appear in courts countless times until the charges were dismissed and they were vindicated.

59.     As a result of defendants' actions, plaintiff suffered injuries.

**WHEREFORE**, Plaintiffs demand judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount of One Hundred Thousand Dollars for each and every cause of action for each Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
         July 20, 2016

                                        PAWAR LAW GROUP P.C.
                                        20 Vesey Street, Suite 1210
                                        New York, New York 10007
                                        (212) 571-0805

                                        By: _____
                                            Vik Pawar (VP9101)
                                            Robert Blossner (RB0526)
                                            *Attorneys for Plaintiff*